### WILLIAMS *vs.* WELCH.

*Replevin,* although brought for a cause of action for which trespass *de bonis asportatis,* would lie, *it seems,* is a *local* action.

Where, on the trial of an action of replevin in the common pleas, it appears that the process was executed out of the jurisdiction of the court, the plaintiff will be nonsuited.

The plea of *cepit in alio loco* does not admit the taking as laid in the declaration, and the plaintiff is bound to shew his right to recover in the same manner as if the plea of *non cepit* had been interposed.

ERROR from the Erie common pleas. The plaintiff brought *replevin* in the C. P. for staves and heading taken by the defendant on the 1st July, 1827, from certain lots on Grand Island in Buffalo, in the county of *Erie.* The defendant pleaded that he took the property in question from certain *other* lots on Grand Island, traversing the taking from the lots specified in the declaration, and for return avowing the taking by license from a third person, averred to be the owner of the lots. The plaintiff replied that the property was

taken from the lots specified in the declaration, and tendered an issue. On the trial, the plaintiff insisted that his title to the property and the taking by the defendant were admitted by the pleadings ; that the defendant held the affirmative, and unless he proved the truth of his plea, that he (the plaintiff) was entitled to a verdict. The court decided that the plaintiff must proceed and make out his case in the same manner as he would have been required to do had the plea of *non cepit* been interposed ; to which decision the plaintiff excepted. The plaintiff proved the taking, and that the *place* where, &c. was on Grand Island, opposite the town of Buffalo, in the county of *Erie.* It was then shewn, on the part of the defendant, that the greater portion of Grand Island was opposite the county of *Niagara*, and consequently formed part of that county, according to the provisions of an act of the legislature, *Laws of* 1815, *p.* 83 ; and the defendant, on that ground, moved for a nonsuit, which was resisted by the plaintiff, who insisted that the *place*, &c. was in the county of *Erie*, and that at all events the defendant could not urge the objection in that stage of the cause and under the issue joined. The plaintiff was nonsuited, excepted, and sued out his writ of error.

*J. A. Spencer*, for plaintiff in error.

*D. Selden*, for defendant.

*By the Court*, SAVAGE, Ch. J. I am inclined to think the common pleas was right in directing the plaintiff to proceed as if the plea of *non cepit* had been put in. The plea of *cepit in alio loco* does not admit the taking as the plaintiff has laid it ; it traverses the *place*, and in this action the place is material. The plea denies the taking at the place, an issue was therefore joined upon the place, and the plaintiff was bound to prove the taking at the place laid in his declaration.

The fact being proved upon which rested the question as to the county in which Grand Island was situated, the court properly nonsuited the plaintiff, provided the action of replevin is *local.* The books which treat of this action, speak of

it as local, because the place is material and traversable. 1 *Saund.* 347, *n.* 1. 2 *Chitty's Pl.* 364, *n. c.* 1 *id.* 161. In *Atkinson* v. *Holcomb*, 4 *Cowen*, 45, 6, this action was treated as local, although we there said that where replevin appeared to have been brought for a cause for which trespass *de bonis asportatis* might have been brought, such an action might be an exception to the general rule that replevin is a local action ; but even if the action were not strictly local the common pleas, I apprehend, decided correctly upon the facts presented to them—the process of the court must be executed within its jurisdiction, and if executed beyond its jurisdiction, no action is legally pending.

I am therefore of opinion that the judgment below must be affirmed.