## MAPPA vs. PEASE.

A return by a justice on an *appeal*, that the plaintiff declared on a promissory note *purporting to have been drawn by the defendant* in *hæc verba*, setting out the note, is equivalent to giving a copy of the note with the *signature* of the defendant attached thereto.

It is not necessary that a *note*, upon which judgment is rendered, should be filed with the justice's return.

But where a paper is omitted to be filed which should properly be filed with the return, the common pleas ought to permit it to be filed on the trial of the cause.

So the common pleas should disregard a *variance* between the pleadings in the court below and the evidence offered, when it is manifest that no one will be prejudiced.

ERROR from the Lewis common pleas. J. Mappa, as *administrator*, &c. of A. G. Mappa, deceased, recovered a judgment against Alpheus Pease before a justice of the peace. The defendant *appealed* to the Lewis common pleas, and the justice made his return that " the plaintiff declared on a promissory note, purporting to have been drawn by the defendant payable to the plaintiff, in the following words, to wit : " For value received I promise to pay Adam G. Mappa or bearer thirty-four dollars on or before the first day of October next, with use, in good merchantable stock at cash price, bulls and stags excepted. Boonville, July 12th, 1027." The justice then proceeded to state that the defendant pleaded the general issue, that the issue was tried by him, and that he rendered judgment against the defendent for $48,51 damages and costs. On the trial in the common pleas, the plaintiff produced a note corresponding *verbatim et literatim* with the note described in the return of the justice, and offered to prove the

same.  The defendant objected, because the note produced had the signature of *Alpheus Pease* subscribed to it, and the note described in the justice's return had no signature to it ; and also because the note offered in evidence was not attached to and filed with the justice's return.  The common pleas sustained the objection, and refused to permit the note to be proved.  The plaintiff then offered to file or to procure the justice to file the note as a part of his return, which the court refused to permit, and thereupon *nonsuited* the plaintiff, who sued out his writ of error.

*C. Dayan,* for plaintiff in error.

*C. B. Gay,* for defendant in error.

*By the Court,* COWEN, J.  The cause must undoubtedly be tried in the common pleas, on the issue joined before the justice, and no other ; and no declaration was allowable except that which was returned by him.  2 *R. S.* 262, §214.  The statute requires the justice, among other things, to return " the demand of the plaintiff" in the justice's court ; " and if his declaration was in writing, a copy thereof shall be set forth."  2 *R. S.* 260, §194, *sub.* 2.  And section 195 requires him to file with the clerk of the common pleas " all the papers filed with him by either party, relating to the cause."  In this case, the reason for excluding the note offered, as rendered by the bill of exceptions, is, " that the said note (returned) is not a copy of the instrument named by the justice as a promissory note in his return, and on which he gave judgment, inasmuch as the instrument on which the said justice gave judgment appears from the return to have no signature, and because it was not attached to the said return or returned by the said justice."  There can not be a doubt that the declaration as returned was a good one upon the note offered in evidence.  The usual declaration in courts of record, it is true, avers that the note was subscribed by the defendant, as thus : " His own proper hand and name being thereunto subscribed."  But a declaration before a justice in this form—" I declare against the defendant on a note, *purporting* to be sub-

scribed by him in these words," setting it out verbatim, (without the name) would be sufficient, because it is true. Though he may have actually signed, yet in that case the note may truly be said to *purport* a signing by his name. It is not a misdescription. And if the paper be described so that the defendant can know what he is to meet in his defence, that is all he can require. When the return says the plaintiff declared against the defendant in that way, I easily collect from it what was " the demand of the plaintiff" in the court below; and that is all which the statute requires, unless the declaration shall have been in writing. If it was written, then the justice must go farther, and set forth a copy. In this case it does not appear, by the return, that the declaration was in writing. Indeed, that is not at all probable. Where the party in a justice's court is proceeding to collect a note, he usually declares orally, putting in the note or bringing it before the court, and simply saying he demands the money due on that instrument. Upon such a declaration, it would be competent for the justice to write down, as he returned here, " the plaintiff declares on a note in these words, (setting them out) *purporting to be drawn by the defendant.*" The difficulty stated in the bill of exceptions, by the judges of the common pleas, that " the instrument on which the justice gave judgment appears, from the return, to have no signature," is not well founded in point of fact. The return virtually says it had a signature. " Purporting to be drawn by the defendant," is saying the note set fort purported that the defendant was the *drawer*, which is another name for *maker*.

Another difficulty arose upon that branch of the statute which I have cited, requiring the justice to return " all the papers filed with him." The bill of exceptions says the note was not attached to the return or returned by the justice. The objection refers to the original note. It is a sufficient answer, that it may never have been filed with him. The party may have kept it. Such a course is not usual in a justice's court, but it is certainly proper, after the justice had got a full description from the plaintiff in declaring. In courts of record, the attorney or the party always keeps the note, even after it is in judgment.

In some cases the party cannot spare the paper from his own files. Ulterior instalments may be due upon it. Suppose it is a lease on which he is suing for rent; he must keep it with a view to future arrears. Besides, the paper, if it be filed, is no part of the return. Section 194 gives the requisites of the return. Then section 195 directs the justice, within ten days after the appeal, to file with the clerk of the common pleas all the papers relating to the cause which were filed with him. A motion was made on the trial of this cause, upon the objection being started, that the justice then be permitted to file the note; and was overruled, because the general rule of the court required certain forms to be followed in obtaining an amendment to the return. I do not think it at all within that rule; and if necessary, I entertain no doubt that the note should have been received and filed on the trial. The circumstance that the justice had allowed the 10 days to slip, ought not to have prejudiced the party. The statute is but directory to the justice, to file in 10 days. Surely his omission is not to take the paper away from the party as evidence. That cannot be so, if it is never filed. Such a paper has nothing to do with forming the issue to which the trial is to be confined by the section 214. The statute does not deny it as evidence, though it be not filed. Such a penalty upon the party, by the omission of the justice, cannot be raised by inference.

I cannot help observing that the practice of the court below, on the previous objection for variance, would have been extremely strict, even if a variance had existed. The case was undoubtedly within the 2 *R. S.* 406, 7, § 79, authorizing the court to disregard such variances between the pleading and an instrument offered in evidence, when they see that the party cannot be prejudiced by it. There are numerous cases in this court, even before the statute, authorizing that course on the trial. To be sure, it is matter of discretion; but judges on the circuit are in the daily habit of overlooking such variances, unless the party objecting will satisfy them that he had in fact been misled. I venture to say that no court ought to think of nonsuiting on such a variance as this was assumed

to be. The whole note, except a name, was exactly set out; and even as to that, the declaration averred that it purported to be there; the name of Alpheus Pease, the very defendant who alone could complain that he was misled by the misdescription. I must not be understood to say that error would lie for not exercising this discretion. I suppose it would not.

But on the other points in the cause error will lie; and the judgment must be reversed. Let a *venire de novo* go from the common pleas; costs to abide the event.