## McPherson & Crane vs. Melhinch.

In *replevin*, where the defendant justified the taking as a distress for rent in arrear in the form of a *plea in bar*, concluding with a prayer of judgment and for a return of the goods, the plea differing from a *cognizance* only in its commencement; and the defendant treated the plea *as a cognizance* and put in *three pleas* in answer thereto, and the defendant moved to strike out the pleas of the plaintiff on the ground that but *one answer* could be put in to such a plea, and that by way of *replication*—the motion was denied, the court holding that the defendant having committed the first fault, had no right to complain.

Whether a justification pleaded in the above form, instead of by *avowry* or *cognizance*, would be bad on demurrer, *quere*.

Replevin. The declaration contained two counts. The defendant pleaded to both counts, 1, noncepit, and 2, property in a stranger ; and then, as to each count, he made *cognizance* as bailiff of E. A. Wetmore, and acknowledged the taking as a distress for rent in arrear, in the usual form. He then pleaded the same matter—a distress for rent in arrear—several times over to each count, in the form of *pleas in bar*, concluding with a prayer of judgment, and for a return of the goods. These pleadings differ from a *cognizance* only in their commencement, which is in the form of a plea in bar, instead of the usual form of a cognizance. The plaintiffs treated these pleadings as *cognizances* and put in three pleas in bar to *each* of them, which the defendant now moves to strike out, on the ground that his pleadings were *pleas in bar* and not *cognizances*, and consequently that the plaintiffs could only have one replication to each.

*E. A. Graham*, for defendant.

*J. Edwards*, for plaintiffs.

*By the Court*, Bronson, J. In replevin, the plaintiff can only have one replication to a plea in bar by the defendant, but to an avowry or cognizance he may plead as many several matters as he shall deem necessary for his defence. *Calvin* v. *La Farge*, 6 *Wendell*, 505. 2 *R. S.* 529, § 45. In the pleadings in question,

the defendant, as the bailiff of Wetmore, justifies the taking of the goods as a distress for rent ; but instead of pursuing the usual form of a cognizance, he has, in the introductory clause, followed the usual form of a plea in bar, and by this departure from the precedents seeks to deprive the plaintiffs of more than one answer to each justification. The experiment cannot succeed. The defendant may plead several matters in bar of the action, as *non cepit, property* in himself or a stranger, *cepit in alio loco*, or a *release* ; but when he justifies the taking as a distress, and seeks a return, the proper form of pleading is an *avowry*, if the taking was in his own right, or a *cognizance*, if the taking was in right of another. The avowry or cognizance is in the nature of a declaration, and the plaintiff, like the defendant in other personal actions, may have several pleas in bar. Whether these justifications would have been set aside on motion, or whether the plaintiffs could safely have demurred to them for want of form, it is not very material to inquire. The defendant committed the first fault, and he has little reason to complain that the plaintiffs treated and answered his pleadings as though they had been in the usual and proper form. The plaintiffs have, however, made a mistake in referring to the different cognizances to the second count. Instead of calling them respectively the 1st, 2d, and 3d cognizance to the second count, they are mentioned as the 4th, 5th, and 6th cognizances to the second count, when there are but three to each count. The best mode of setting the parties right, will be to allow the defendant to plead anew, and when his pleadings are put in proper form, the plaintiffs may take the usual time to answer.

Ordered accordingly.