## EMMETT AND EMMETT v. BRIGGS.

1. If a defendant in replevin omits to plead *non cepit*, or *cepit in alio loco*, but pleads *property* in himself or another, the place of taking the goods is not material.

2. When the issue is out of the Supreme Court, it is error in the judge at Circuit to allow an alteration in the *caption* or *jurat* of a deposition taken *de bene esse*.

3. Such deposition must be filed with the Clerk of the Supreme Court before the same, or a copy thereof can be read on the trial (except *now* by *Rev.' Stat.* 962, ₴ 11, when not taken more than five days before trial of the cause.)

4. When a witness of one party describes a tract by metes and bounds, and testifies to that tract being "the Champion tract," it is competent for the other party to prove by a witness who heard the testimony as to metes and bounds, that they do not include "the Champion tract."

In Replevin. On rule to show cause why a verdict for the plaintiffs should not be set aside, and a new trial granted.

Argued before NEVIUS, WHITEHEAD, and RANDOLPH, J. J. at January Term, 1847.

Browning, Attorney General, in support of the rule, and Jeffers and L. Q. C. Elmer contra.

The reasons relied on, will appear in the opinions delivered.

WHITEHEAD, J. The declaration contains but one count, for taking a quantity of rails in the township of Weymouth in the county of Atlantic. The defendant pleaded property in Caldwell and Richards, under whom, &c.

On the trial of the cause at the Atlantic Circuit in October 1843, the counsel of the plaintiffs admitted that the place from which the rails had been taken was in the township of Hamilton, and not in the township of Weymouth, the place stated in the declaration ; and thereupon the counsel of the defendant objected to any evidence of a taking in Hamilton. The objection was overruled by the judge, and the admission of this evidence is the first reason assigned for a new trial.

The defendant's counsel contends that because a replevin is a local action, and the place alleged in the declaration is material and traversable, that under the issue formed by the pleadings,

the plaintiffs were not at liberty to prove a taking, or a title to property, in any other place than that stated in the declaration; that it is in effect permitting a plaintiff to prove title to other property than that mentioned in the pleadings. It is true the action is local, and the place material and traversable. 1 *Saund.* 347, *note* 1; 2 *Greenl. Ev.* § 562. It is however made so by the defendant's plea. If he intends to dispute the place of taking charged in the declaration, and to defend on that ground, he should plead *non cepit.* By this plea a defendant in effect denies the taking of the property in the place stated in the declaration. The place under this issue becomes material. It is a fact which the plaintiff is bound to prove, and failing to prove it, he will be nonsuited. 1 *Strange* 507; 2 *Mod.* 199; *Saund. Rep.* 347, *note* 1. The place is also material under the plea that the defendant took the goods in some other place, traversing the place laid in the declaration. Under this plea the plaintiff must prove the taking as laid in the declaration, or fail in the action. 2 *Greenl. Ev.* § 562; 5 *Wend.* 290. If, however, a defendant omit to plead *non cepit*, and issue be taken merely on the right of property, the place is not material in the sense contended for by the defendant. The action being founded upon a supposed tortious taking by the defendant out of the plaintiffs' possession, if the defendant rests his defence alone upon his ownership of the property, he necessarily waives all question as to the time or place of taking. By his plea of property he admits *the* taking of the goods mentioned in the declaration.

Another reason assigned for setting aside the verdict, is the admission of the deposition of a witness taken before a judge of the court of Common Pleas of Atlantic County under the provisions of the 5th section of the act to issue commissions for the examination of witnesses, and to take their depositions in certain cases. *Elm. Dig.* 604; *Rev. Laws* 438. When the deposition was first offered in evidence, it had been filed in the office of the Clerk of the county of Atlantic, but was rejected by the judge, because by the caption it appeared to have been taken in a cause between these parties in the Circuit Court of the county of Atlantic. On the day following, on the application of the counsel for the plaintiffs, and on the representation of the judge

before whom the deposition was taken, that there was a mistake in the caption, leave was granted him to alter it by substituting the *Supreme Court* for the *Circuit Court, of the county of Atlantic.* With this alteration made, the counsel for the plaintiffs offered it in evidence, when the defendant still objected, and offered to prove by the judge then present in court, that when first offered in evidence, it purported to have been taken before him as a Justice of the peace, and had been afterwards altered by substituting the word judge, for justice. By the 6th section of the act above mentioned, it is provided that the deposition shall be delivered "*into the court for which it is taken,*" &c.; and when opened, "*the same shall be deposited in the office of the Clerk of said court, there to remain as a record.*" It is very questionable whether, under the provisions of this act, the deposition, or a copy could be received in evidence at the Circuit, until after it had been deposited in the office of the clerk of this court, being the court for which it was taken. When so deposited it becomes a record, and copies can be taken and used on the trial of the cause. Had the statute been complied with, the judge at the Circuit could have no authority to order any alteration or correction of the deposition, for the reason that it would have *remained as a record* of this court. Any application to amend or correct the formal parts of it should be made to this court, and not to the judge at the Circuit. However this may be, the judge was clearly wrong in refusing the defendant permission to prove the alteration in the *jurat* after it had been filed. When first produced it purported to be taken before a Justice of the Peace, an officer having no authority by the statute to take the deposition. How could perjury be assigned upon it?

It was said on the argument, that admitting the judge erred in receiving this evidence, yet the court will not set aside the verdict unless we are satisfied that the evidence of the witness was material. We have no means of determining the materiality of the evidence, as the deposition is not before us. If it was not material, it is for the plaintiff to show it. I should infer from the efforts made to get the deposition before the jury, that the plaintiff's counsel, at the time, regarded the evidence as important.

During the progress of the trial, a witness on the part of the plaintiff testified that about the year eighteen hundred, he was present when the tract of land upon which the rails were cut was surveyed, and he acted as chainbearer.    He mentioned several courses of the survey, and said it was the Champion tract. The defendant offered to prove by a surveyor who heard the testimony of the plaintiffs' witness, and who was acquainted with the Champion tract, that the witness was mistaken—that the survey described by him was not the Champion, but another and different tract.    The state of the case shows that this was proper evidence for the consideration of the jury, and in refusing it, the judge erred.

RANDOLPH, J. The declaration contains a single count, charging the defendant with taking 15,000 rails, the property of the plaintiffs from their close in the township of Weymouth, &c. to which the defendant pleads property in C. & R. under whom, &c.

The cause was argued January Term, 1847, by the Attorney General, Browning, for the rule, and by Jeffers and L. Q. C. Elmer against it.    Several points were urged upon exceptions taken at the trial at the Atlantic Circuit, October Term, 1843.

*The first exception* was, to the ruling of the judge that under the pleadings the issue was on the plaintiff in replevin.    This was correct; for although the court were equally divided in the case of *Chambers* v. *Hunt*, 3 *Harr.* 339, yet the question has been put at rest by the decision of the same case in the Court of Errors, in October Term, 1847. See the opinion of CARPENTER, J.; *Pa. Law Journal* for Dec. 1846 p. 83.

This point, it is proper to say, was admitted in the argument of the rule to have been correctly decided.

*The second exception* was that the court below permitted the plaintiffs to give evidence of the taking and property of the rails in the township of Hamilton, there being no evidence of any taking in Weymouth, which appears to have been inserted in the declaration by mistake for Hamilton; both townships, however, are in Atlantic county.    It is true that under the plea of property in the defendant, or in a third person, there is no confession in form and avoidance by setting up new matter, yet

the issue raised is one of property only, he might have pleaded *non cepit*, either separately or in connection with his plea of property. 2 *Greenl. Ev.* § 563; or he might have taken issue on the plea by pleading *cepit in alio loco*. *Gilbert on Rep.* 130; for the taking, place, and property, as alleged in the declaration, are all traversable, and may be thus rendered material. 2 *Saund. P. & E.* 761. But if the defendant sees proper to pass by the time and place, and takes issue on the traverse only, he thereby renders the matter of property the only material question, and thus in effect confesses and avoids, as much as a plea of *liberum tenementum* does in an action of trespass. So, too, in pleading, whatever is not denied or avoided, is admitted. Under the only issue in this case, then, it being wholly immaterial whether the taking and property was in Weymouth or Hamilton, I think this point affords no ground for setting aside the verdict.

The next exception is to the admission of the deposition of John Mull, taken before one of the judges of the Common Pleas of Atlantic county, and presented and received in evidence at the Circuit, without having been filed with the Clerk of the Supreme Court. When first presented, the deposition appeared to have been filed the day before by the Clerk of the Circuit Court, and to have been taken for a different court, and before a Justice of the Peace, the judge permitted an alteration to be made as to the court for which taken, and the character of the officer before whom taken. I think the deposition should have been rejected. Under the law as it existed at the time of the trial (*Elmer's Dig.* 604 § 6 & 13), it must have been filed with the Clerk of the Supreme Court before it could be used for evidence. This, however, has been altered by the late revision, when the deposition is taken not more than five days before the trial of the cause. *Rev. Stat.* 962 § 11. I think, too, the alterations should not have been permitted, and so on either ground the deposition should have been rejected.

4. The next exception which I shall notice, is the rejection of the evidence of Walker, who being present, and hearing the testimony of William Keers for the plaintiffs, as to the location of the Champion tract, on which the rails were alleged to have

been cut, was offered to prove that Keers' testimony applied to another lot, and not to the Champion tract. I cannot see upon what ground this evidence could be rejected. The question was title to the property, and that naturally ran into the question of title in the premises, where the rails were cut, or the identity of the tract on which they were cut, if the plaintiff to sustain their side of the question could offer Keers, surely the accuracy of his testimony could be disproved by the defendant.

For these reasons I think the verdict must be set aside and a new trial granted.

Verdict set aside.

The CHIEF JUSTICE, and Justice CARPENTER did not hear the argument.