HOPKINS AND MOODY, *vs.* ARTHUR BURNEY.

The common law did not give damages in replevin to a defendant, and the Stat. 7, Hen. 8, ch. 4, and 21 Hen. 8, ch. 19, only gave damages to avowants or other persons making connusance or justifying as bailiffs in replevin for rent or services, and have not been extended to defendants claiming property.

Under the plea of "*non cepit*" in replevin evidence of damage on the part of the defendant is not admissable in any case.

This plea admits the property of the thing taken to be in the plaintiff, and if the defendant means to dispute the question of property he must plead specially.

The property being by this plea admitted to belong to the plaintiff, it results as a matter of course, in the absence of all proof to the contrary, that the taking and carrying away of the property was *wrongful.*

The defendant cannot have a judgment of *retor no habendo* on a verdict in his favor upon an issue joined on a plea of *non cepit.*

Where the jury were sworn to try the *issue joined* and there was in fact no issue, and judgment upon the verdict was entered, the statute of jeofail does not cure the error and the judgment must be reversed.

Error to Duval Circuit Court, where this cause was tried before Judge MACRAE.

*Fraser*, for Plaintiff in Error.

*Burritt*, for Defendant in Error.

DOUGLAS, Chief Justice, delivered the following :

This is an action of replevin instituted in the Circuit Court of Duval County by Benjamin Hopkins and Solomon Moody against Arthur Burney to recover a certain negro slave named Charles. The declaration contains but a single count to which a plea of *"non cepit modo et forma"* was put in, but was on the same day on which it was filed withdrawn by leave of the court for reasons stated in the record, which however are not material to the decision of this case. On the 17th day of November, 1847, the plaintiffs by their counsel moved the Court for a cantinuance of the cause, and filed an affidavit in support of their motion, which was after argument had thereon overruled, and on the next day, a jury was empannelled and sworn " well and truly to try the issue joined between the parties," who found for the defendant and assessed his damages at one hundred and twenty dollars for the detention of the said negro Charles from the 25th day of November, 1846, until the 18th day of November, 1847, and further that the defendant was entitled to a return of the said negro Charles, upon which verdict judgment was entered for the sum so found, with interest thereon until paid, and that said plaintiffs return to said defendant the said negro Charles, and that a writ of restitution be awarded, and that said plaintiffs pay to said defendant the costs of these proceedings taxed at twenty-one dollars thirty two cents.

The following bills of exceptions are on file, which by agreement of the parties are to be taken and considered as a part of the record in this case, viz : " on the trial of the above entitled cause to prove the *issue joined* in the same, the plaintiff produced William Hickman as a witness, who being duly sworn, testified as follows, to wit: That he knew the parties, knew the negro Charles in controversy in this suit. That he was deputy Sheriff and served the replevin issued in this suit ; that he found the negro Charles aforesaid at Arthur Burney's potatoe patch digging potatoes ; that Burney then claimed said negro as his ; that the potatoe patch where he found the negro, was near said Burney's house ; that he has known said negro four or five years, perhaps more; when he first knew him, he was in possession of James Piles' family; does not know whether he was

owned by James Piles, or his wife. He was owned by some of Piles' family."

The plaintiffs here rested their case, and the defendant offered to prove the damage of the detention of said slave to him under the said replevin. To this the plaintiffs objected, but the Court overruled the objection, and the counsel for the plaintiffs excepted and prayed the Court to seal this bill of exceptions, which was done accordingly.

The counsel for the plaintiffs then requested the Court to charge the jury, that under the pleading and evidence in this cause the plaintiffs are entitled to recover. This the Court refused to do, and on the contrary charged the jury, that it was incumbent on the plaintiffs to show by evidence affirmatively, that the property belonged to them, or that they had such right of possession as could not be lawfully divested by the defendant, that they must prove that the slave was wrongfully taken. The Court directed the jury that they find for the defendant in the absence of the proof required, and assess his damages for the detention of the property by the plaintiffs. To which charge of the Court, and every part thereof, the plaintiffs' counsel excepted, and prayed the Court to seal this bill of exceptions, which was done accordingly.

Whereupon the plaintiffs sued out their writ of error to the said Circuit Court, and have herein assigned the following error, to wit :

*First.* The Court erred under the plea of *non cepit* in admitting evidence of damage on the part of the defendant.

*Second.* The Court erred in refusing to charge the jury that under the pleadings and evidence in this cause, the plaintiffs are entitled to recover.

*Third.* The Court erred in charging the jury that it was incumbent on the plaintiffs to shew by evidence affirmatively, that the property belonged to them, or that they had such right of possession as could not be lawfully divested by the defendant.

*Fourth.* The Court erred in charging the jury that the plaintiffs must prove that the slave was wrongfully taken.

*Fifth.* The Court erred in charging the jury that they find for the defendant, in the absence of the proof required, and assess his damages for the detention of the property by the plaintiffs.

*Sixth.* The Court erred in rendering a judgment for a return upon a virdict found upon an issue joined upon a plea of *non cepit*.

That the Court erred as charged in the first error assigned there

can be no doubt. The common law did not give damages in replevin to a defendant, but they were allowed to certain defendants in that action by the statutes of 7 Hen. 8, ch. 4, and 21 Hen. 8, ch. 19. But these statutes only gave damages to avowants, or other persons making conusance, or justifying as bailiffs in replevin for rent or services. Brittenton *vs.* Turker, 1 Brad. & Bing. 517. And they have not been extended to defendants claiming property, 2 Bac. Abr., Tit. costs ( F ) 53 Turner *vs.* Gallillie, Hard. 153. Hopewell *vs.* Price, 2 Harris & Gill, 276—277. Nor to defendants who deny the taking.

The plea of *non cepit* controverts all the material allegations in the declaration except that which affirms that the goods are the property of the plaintiff. It disputes the plaintiffs' right to recover damages, whilst it admits his right to have the chattel. Ruckey, *et al. vs.* Handy, 2 Mills R., 449. And it would seem absurd to deny (as does the plea of *non cepit*) the taking, renounce all claim to the property and yet to ask damages for the detention. In the case of Phillips *vs.* Harris, 3 J. J. Marsh, 121, which was an action of replevin, and a plea of property interposed by the defendant on which issue was joined, the Court said that a judgment for the plaintiff in replevin, is for damages and costs, and a judgment for the defendant is for a restoration of the property and costs. This last remark was of course applied to the issue on the plea of property. And see 5 Dane's Abr. of American law, 515, Sec. 2, where the same principle is recognized.

The second error assigned is that " the Court erred in refusing to charge the jury, that under the pleadings and evidence in this cause plaintiffs are entitled to recover." The instructions asked embraced matter of fact as well as of law. It is often very difficult to separate the one from the other, and as there is some diversity of views amongst the members of this Court, as to the propriety of the refusal of the Court below to give this instruction to the jury, and a decision of the question is not necessary to our determination of the cause and its importance has been very much diminished by an act passed at the last session of our General Assembly, prohibiting the Judges of the Circuit Courts from charging juries upon the facts in any case, we forbear expressing any opinion upon it.

The third error is deemed to be well assigned. Under the plea of *non cepit* it was not incumbent on the plaintiffs to prove that the slave Charles belonged to them, and the Court should have so charged

the jury. The plea admits that fact, and puts in issue only the ta- king, (as alleged in the declaration,) and the detention. McKinley *vs.* McGregor, 3 Wharton 69, 369. Ruckey and others *vs.* Handy 2 Mills Rep., 449. Golusha *vs.* Butterfield, *et al.*, 2 Scammon Rep., 227. Seymour *vs.* Billings, 12 Wendell, 286. 1 Stark. Ev. 715. 2 Leigh's *Nisi Prius*, 1330. Bemus *vs.* Beekman, 3 Wen- dell,.667. Williams *vs.* Welsh, 5 Wendell, 290. In this last case the plea *cepit in alio loco*, was put in by the defendant, and the Court be- low decided that the plaintiff must make out his case in the same man- ner as he would have been required to do, had the plea *non cepit* been interposed. The plaintiff proved the taking at the place charged in the declaration. The case was carried up, and the Supreme Court of New York held that this ruling was right. Chief Justice Savage in delivering the opinion of that Court, said, " this plea does not admit the taking as the plaintiff has laid it; it traverses the *place* and in this action the *place* is material. The plea denies the taking at the *place*, but if the plea of *non cepit* alone be put in and it appear that the defendant had the goods in his *custody* in the place alleged in the declaration, the plaintiff will be entitled to a verdict on this plea." Leigh's *Nisi Prius*, 1330. Walter *vs.* Kersop, 2 Wilson 354, 355. But if the defendant proves the taking in another place, the plaintiff will (according to the rule laid down in 1 Strange, 507) be non suited. As however, our tenth general rule of practice page 12, pamphlet; rule 13 page 5 annexed to acts of the General Assem- bly of 1845, provides that the plaintiff shall in *no case* be compelled to submit to a non suit, the rule here would be different. The plain- tiff would have a right to submit the proof to a jury but would not on such proof be entitled to a verdict. The plea of *non cepit*, admits the property of the thing taken to be in the plaintiffs in the action, and if the defendant means to dispute the question of property, he must plead it specially. He will not be allowed to dispute the own- ership under an issue which only denies the taking. 2 Phil. Ev., 126. 1 Chitty's Pl., 159. Bemus *vs.* Beekman, 3 Wendell Rep., 673.

The fourth error is also well assigned. The slave in controversy (being admitted by the plea of *non cepit*, to be the property of the plaintiffs, it results as a matter of course, in the absence of all proof to the contrary,) that the taking and carrying away of said slave was wrongful. The taking and carrying away of a personal chat- tel of another person, to his damage is (*prima facie* at least) a tres-

pass. 1 Saund. on Pl. and Gv., 84, N. 2, 3. Toller on Executors, 112. Cro. Jac., 362. 2 Bouvier's L. Dict., Title Trespass, 579.

And proof that the property was in possession of the defendant at the place charged in the declaration, is evidence of such taking.— Walton *vs.* Kersop, 2 Wilson, 354, 355. Croke Eliz., 869. 1 Saund. on Pl. and Gv., 347, N. 1. Bull N. P., 54. 2 Leigh's *Nisi Prius*, 1330. Amos *vs.* Sennate, 4 Scamm., 445. (In this last case it was held that a plea of *non cepit* in replevin for a wrongful detention presents an immaterial issue.)

The case of Moore and Moore *vs.* E. Moore, administrator of N. Moore, 4 Missouri Rep., 421, is also in point.

Under the plea of *non cepit* in replevin, the Court will not permit the defendant to give evidence of special matter in justification.— McFarland *vs.* Baker, 1 Mass. Rep., 153. 1 Leigh's *Nisi Prius*, 1330. Dane's, Abr. of Amer. Law, 530, sec. 5. 1 Saund. on Pl. and Gv., 387.

The fifth error assigned is a mere corrollary from the third and fourth, and they being well taken is consequently sustained.

The sixth, That the Court erred in rendering judgment for the return upon a verdict found on an issue joined upon a plea of *non cepit* is well sustained by authority. This plea in replevin is said to be like a general issue in other actions. It may be so in some respects; but, if found for the defendant, if the jury say he did not take the goods, how can there be a judgment *"pro retorno habendo."* *Non cepit* is a plea in bar not involving the merits of the action, and if a defendant claims a return of the goods, he must add an avowry or cognisance inducing a return. *Per* Savage, Chief Justice, in the people at the relation of P. Tower *vs.* Niagara, C. P., 4 Wendell's Rep. 217. 1 Chitty's Pl., 490, 537. 1 Saund. on Pl. and Gv., 374, N. 1. 1 Strange, 507. Wilkinson on Replevin, 50. 6 Law Lib., 18.— The defendant cannot have a judgment of *retorno habendo* on a verdict in his favor upon an issue joined on a plea of *non cepit*, Hill *vs.* Stocking, 6 Hill's N. Y. Rep., 288. 2 Leigh's *Nisi Prius*, 1330. Seymour *vs.* Billings, 12 Wendell, 286. Carpenter *vs.* Stevens, Ibid. 589. Smith *vs.* Snyder, 15 Wendell, 671. McPherson *vs.* Melherich, 20 Wendell, 671. Prasser *vs.* Woodward, 21 Wendell, 205.

Hitherto we have considered this case as though the plea of *non cepit* was in, and issue regularly joined upon it, because from the state of the record it appears that the parties and the Court at the

trial below acted under that impression, and because the counsel for plantiffs in error insisted at the argument of the cause that it ought to be so considered. But that plea was withdrawn upon the same day in which it was filed and now constitutes no part of the pleadings in the case. It remains therefore to enquire what effect this should have upon our judgment.

The plea of *non cepit* having been withdrawn and no other plea put in, there was no issue for the jury to try, and where it does not appear that there was an issue presented to the jury a judgment on their verdict will be reversed. Oliver *vs.* Judge, 2 Stewart's Rep., 483. If the jury are empanelled to try the issue joined when in reality there is no issue joined, the judgment must be reversed and the verdict set aside. Wilkinson *vs.* Bennett, 3 Munf. Rep., 314. The want of a plea in replevin is not cured by a verdict. Lucky *vs.* McDermot, 5 Serg. and Rawle Reps., 331.

But it was suggested on behalf of the defendant in error that perhaps the statute of jeofails cures that defect. This question was directly presented in the case of Snyder *vs.* Burke and wife, 4 Rand. 161, and the Court there held that the act of jeofail will not sustain a verdict and judgment in a case in which the record states that the jury were sworn to try the *issue joined* but does not show that any plea was filed by the defendant upon which issue could be joined, and Lucky *vs.* McDermot above cited is also an authority in point. This question however was fully considered at the last term of this Court in the case of Miller and Croom, *vs.* F. Hoc, and it was then held that where the jury were sworn (as in this case) to try the *issue joined* and there was in fact *no issue,* the statute of jeofail did not cure the error, and judgment must be reversed. Florida Reports, 195. And upon mature reflection we see no reason to doubt the correctness of that opinion.

It would seem from the case of Wilkinson *vs.* Bennett, 3 Munf. 314, before referred to, that in Virginia a verdict in such a case will not cure the error under the statute of jeofails, although it may be against the party who failed to meet by a negative on his side, affirmative matter pleaded on the other side.

It was insisted upon the argument of this cause by the counsel for the defendant in error, that the affidavit above mentioned, filed by the plaintiffs in support of their motion for a continuance, show that the property in the slave Charles is not in the plantiffs in error in their individual capacity and that if they have any interest in or

right to him, it is not personally but as trustees, and that therefore they cannot under any circumstances recover in this suit. Upon this subject it is sufficient to observe that this affidavit is not before the Court; it is no part of the record and ought not to have been put into it. There is nothing to show that it was offered in evidence to the jury but if it had been thus offered, still it would constitute no part of the record unless brought into it by a bill of exceptions.

Upon a full review of this case we are constrained to reverse the judgment and remand the cause to the Court below for further proceedings not inconsistent with this opinion.

