By the COURT.
Oakley, Ch. J.
It would have been a great error to have dismissed this complaint, since its defects, if any, are such as the Judge, under the provisions of the Code, was bound to disregard, or at once to have cured by an amendment; but, in reality, the complaint avers substantially all the facts which the plaintiffs were required to prove on the trial to entitle them to recover, and this, as we have frequently said, is the sole test of the sufficiency of a complaint, which, it is alleged, does not contain facts sufficient to constitute a cause of action. The averment that Smith endorsed the note, does not mean that he merely wrote his name on the back of it, but that he transferred the note with his name so written by a proper delivery, and taken in connection with the averment, that the plaintiffs are the owners and holders of the note, is equivalent to saying that he endorsed and delivered it to them. (Greswold v. Laverty, 12 Leg. Observer, 316.) In England, the law appears to be settled by recent decisions, that under a plea denying an endorsement, facts showing a non-delivery may be given in evidence, and this evidently on the ground that an endorsement includes and imports a delivery. (Marston v. Allen, 8 Mees and Wels. 494, and cases there cited.)
• The objection that the plaintiffs had no right to bring the action in their corporate name, is founded on a mistaken construction of the Act of 1849, “In relation to suits by and against Joint Stock Companies and Associations,” which provides that every such company or association may sue or be sued in the name of its president or treasurer for the time being, with the same effect “ as if the suit were prosecuted in the name of all the shareholders or associates in the manner now provided by law.” (Law of 1849, chap. 258, § 1, pp. 389, 390.) Even if this act were held to apply to incorporated companies, the privilege which it confers of suing in the name of a president or treasurer would not take away the right which belongs to every corporation as such, and which the general act under which the plaintiffs were organized, expressly, recognizes, of suing and being sued by its *374 corporate name. (1 R. S. chap. 18, § 1, p. 599; Law 1848, p. 55, § 2.) The only effect would be to give an election to prosecute a suit in either form. But we are clearly of opinion that the provisions of the act of 1849 are applicable only to unincorporated companies or associations, since it is only suits by or against such that must or can be prosecuted in the names of all the shareholders — and the intention of the Legislature thus to limit the application of the act, is rendered still more manifest by the 5th section, which declares that nothing contained in the act shall be construed to confer upon the companies or associations to which it refers any of the rights or privileges of corporations; a declaration which, in respect to companies already possessing all these rights and privileges, would not be merely unnecessary but absurd.
The other objections to the complaint are so plainly groundless as scarcely to require a remark. Although a defendant in an answer under oath, is not permitted to answer upon information as to facts within his personal knowledge, no such rule is applicable to averments in a complaint, and so applied, the rule would be arbitrary and senseless. Whether the material facts stated in a complaint, are stated upon information or knowledge, it is equally the existence of the facts that is averred, and that the plaintiff is bound to prove upon the trial. Hence the form of the averment is to the defendant a matter of entire indifference. The objection that the complaint does not show that there is any thing due to the plaintiffs upon the note, it is not easy to understand. The complaint states that the note is wholly unpaid, and the plaintiffs as holders, demand judgment for its whole amount, with interest.
ISTor is it easy to understand the. additional ground upon which, when the testimony- on the part of the plaintiffs was closed, the motion for the dismissal of the complaint was founded. We are unable to see that there was any deficiency whatever in the proof that was given in support of the averment, that the plaintiffs were duly incorporated under the General Manufacturing Law. The certificates that were read in evidence, were authenticated in the manner that the statute prescribes; they contain all the particulars which the statute requires to be specified; they were duly signed and acknowledged by the associates, and were *375 filed in the proper offices; and the statute positively declares, that upon the filing of the certificate, the associates become a body corporate, by the name mentioned in the certificate, and therefore, at once capable by this name of suing and. being sued; We know not that any additional proof could have been .given,; we are certain that none could be legally required.
We pass to the objections that arose upon the defence.
•It was proved that on the 22d of August, 1853, the stock* holders of the company adopted a resolution, that “ The company be dissolved;” and upon this proof the counsel for the defendants again moved that the complaint should be dismissed. The ground of the motion was, that as the complaint was not sworn to until the 26th of August, the action had been commenced, after the corporation, by its voluntary dissolution, had ceased to exist. We think that the Judge was entirely right in again denying the motion, and that the exception to- his decision must be overruled.
It would be sufficient to say, that the fact that the complaint was not verified until the 26th of August, was not even presumptive evidence that the action had not been commenced on an earlier day, and that if such a presumption was raised, it was overthrown by the subsequent proof, that the service of the summons upon each of the defendants preceded the adoption of the resolution. But we are satisfied that this proof was unnecessary, and that the motion for dismissing the complaint ought to have been denied, even had it been admitted that the action was not commenced until after the passage of the resolution. The reason of our conviction is, that the resolution was, on its face, inoperative and void. It did not, and could not, dissolve the company. No corporation can be dissolved by a mere resolution of its directors, stockholders, or members, not even where all its-members concur in the act. By the law of this state, there are only two modes by which the dissolution of a corporation can be effected by the voluntary action of its members. The one, by a petition to the Supreme Court, in which the statutory powers of the Chancellor are now vested; the other, by a formal surrender of its corporate rights and privileges to the state; and in the first ease, the dissolution is not completed until the prayer of the petition has been granted by the court, nor in the second, until the sur *376 render has been accepted by the government. (2 R. S. pp 466, 7, 3 Burr, R. 1866; 2 Kent’s Com. p 310-11.)
There are two defences set up in the answers, which, had they been sustained by proof upon the trial, might have operated to defeat the recovery of the plaintiffs, and we are nest to consider whether the evidence that was given was' sufficient to support either of these defences, and whether the additional proof that was offered, was properly excluded by the court.
The substance of the first defence is, that the note in suit was made by Wilder, for the accommodation of Smith, and for a special purpose; that it was misapplied by Smith, and that it was transferred to the plaintiffs, with a full knowledge on their part, of its misapplication, merely as a collateral security for the payment of a debt, which they claimed to be due to them from Smith • in few words, that the plaintiffs were neither bond fide holders, nor holders for value. But the testimony of Smith, who was admitted as a witness — whether rightly or not we shall not now consider — fell very far short of establishing, or even of tending to establish, the facts that were necessary to be proved, to make out this defence. He indeed proved that the note was made for his accommodation, and perhaps, that it was diverted by him from the purpose for which it was given, but he did not admit nor intimate that the plaintiffs or their agent, when the note was transferred, knew, or had any reason to suspect, that the transfer was made without right or authority, and he distinctly swore that the note was transferred and received, not as a collateral security for the debt which was then due, but as an absolute payment. And that such was the fact, is rendered manifest by the circumstance that as the amount of the note exceeded the debt, the balance was paid to him by the plaintiffs, in cash. It is therefore certain, that the testimony of Smith, so far from sustaining the defence, raised no question that could with any propriety, have been submitted to the jury. And in relation to this branch of the defence, no other testimony or evidence was given or offered.
It was however contended, on the argument. before us, that even upon the admission that the transfer of the note was intended by the parties to an actual payment of the subsisting debt, still the plaintiffs are not entitled to protection as holders for value — ■ and if not, that the question of notice, of their good or bad faith, *377 becomes immaterial. But since our judgment in White v. The Springfield Bank, (3 Sand. 7,) justified as it is, by the prior decisions of the Supreme Court, in the Bank of Salina v. Babcock, (21 Wend. 499,) Bank of Sandusky v. Scoville, (24 Wend. 115,) and the Bank of St. Albans v. Gilliland, (28 Wend. 311,) the law, at least in this court, must be considered as settled, that the satisfaction of a precedent debt is as truly a valuable consideration for the transfer of a negotiable bill, or note, as the advance in cash of its amount, at the time of the transfer. That in the case before us, the acceptance of the note by the plaintiffs operated to extinguish the debt then due from Smith, we cannot doubt. Erom that time, their sole remedy was on the note itself.
The second defence in the answer is not set up on behalf of both the defendants, but by Smith, answering for himself, alone; and it was by Smith alone, that it was offered to be proved. It is not pretended that Smith was a competent witness on his own behalf, and it is just as certain that, without an amendment of the answer, he could not be admitted as a witness on behalf of Wilder to prove a defence which Wilder himself had failed to interpose. The Judge refused to amend the answer so as to let in the de-fence, and the counsel for- Wilder excepted to the decision — but we are clearly of opinion that this exception, like all that preceded it, must be overruled. As the amendment would have introduced a defence, that in respect to Wilder was absolutely new, it was certainly not an amendment that the Judge under § 169 of the Code, was bound to make, and we exceedingly doubt, whether he had any authority to make it. Section 171, as we construe it, seems to forbid the exercise of such a power. The utmost that can be said is, that the granting of the motion to amend rested in the discretion of the Judge; but, if so, the mode in which his discretion was exercised, was but a proper subject of exception. There can be no error in such an exercise of discretion, that an Appellate Court has power to correct. (15 Wend. 669; 4 Hill, 189; 1 Comst. 290; Brown v. McCure, 5 Sand. 220.) Even had the desired amendment been made, the proof offered, ought still to have been excluded. The offer was to prove that certain articles, which the defendant Smith had bought from the plaintiffs, and for the price of which the note in suit was transferred, were of little or no value, and that the representation of their value *378 made by an agent of the plaintiffs, was incorrect; not that it was intentionally false — not that it was made with an intent to deceive and defraud Smith, as the purchaser — but it is surely needless to cite authorities to show that where there is neither fraud nor warranty on the sale of goods, the maxim of caveat emptor applies, and the purchaser takes upon himself the entire risk of their quality and value. Hence had the truth of the facts that were offered to be proved been admitted in the very terms of the offer, the admission would not have affected the right of the plaintiffs to recover.
A single exception upon which a good deal of stress seems to have been laid, remains to be noticed. It was stated by the witness Butterworth, that the business of the plaintiffs as a corporation had been suspended for more than a year previous to the trial, and it was insisted by the counsel for the defendants, that as the corporation was thereby dissolved, (2 R. S. p. 463 § 38,) the action could no longer be maintained imits corporate name, and that the complaint ought therefore 'to be dismissed. The Judge was of a different opinion, and, we think, very properly denied the motion.
The Judge had no right to found a decision upon a fact not admitted, nor put in issue by the pleadings, and the statement of which, was therefore, irrelevant. The objection that the suit had abated by the dissolution of the corporation, could only have been properly raised by a supplementary answer in the nature of a plea puis darrein continuance, and if the objection was meant to be relied on, such an answer should have been .interposed. Nor is this all. Had such an answer been put in, it would have been set aside upon a demurrer. The action, as the plaintiffs were a subsisting corporation when it was commenced, it is quite certain was not abated by the dissolution that was relied on, even were it admitted that in a collateral suit, such a dissolution could bo alleged. By the Revised Statutes, the directors or managers of every corporation at the time of its dissolution, are made the trustees of its creditors and stockholders, for the settlement of its affairs, (1 R. S. § 9, p. 601,) and the Act of 1832, “ to prevent the abatement of suits, by or against corporations,” expressly provides that the dissolution of a corporation shall not abate any suit in *379 time of its dissolution; but that the same may be continued, in the name of the corporation, or of its trustees. (Laws of 1832, ch. 295; 2 R. S. 2d ed. p. 386, § 192.) This provision doubtless escaped the attention of the learned counsel for the defendants, or the objection that we now overrule, would not have been raised.
There are one or two other exceptions, which, it appears from the case were taken upon the trial, but as they were, in effect, abandoned on the argument before us, we pass them over. They were properly abandoned.
The plaintiffs are entitled to judgment upon the verdict, with costs.
Judgment accordingly.