C. O. LIVINGSTON, PLAINTIFF IN ERROR, VS. E. M. L'EN-
GLE, TRUSTEE, DEFENDANT IN ERROR.

1. The transcript of the proceedings should show affirmatively the making of an intermediate order which it is sought to have reviewed on appeal.

2. Where one of the errors assigned is the making of an order striking out a plea, and a statement of the making of such order in and as one of the grounds of a motion for a new trial is the only showing in the record that such an order has been made, and it appears that such motion has been denied by the Circuit Court, the fact that such an order has been made by the Circuit Court will not be assumed, nor can a review of the alleged order be based on the mere statement in the motion.

3. Where the only plea or where all the pleas to the declaration are of new matter and there is no replication and consequently no issue of fact, it is error to submit the case to a jury for trial; and such error may be taken advantage of primarily on appeal.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*M. C. Jordan* for Plaintiff in Error.

*C. P. & J. C. Cooper* for Defendant in Error.

The first assignment of errors in this case is that there was no issue joined in the court below in this cause.

Defendant in error replies to that assignment that after verdict and judgment for plaintiff below, and after motion for a new trial denied below, it is too late for the defendant below, as plaintiff in error, to raise that question *for the first time in this court.*

It is an injustice to the court below, if such a state of the record exists, to allow parties, who have never pointed it out to that court but gone to trial on such record, to take

advantage of it here. 4 Fla., p. 359; 1 Fla., p. 378; 5 Fla., 268.

That the pleas required no further joinder of issue, taken in connection with the declaration and amended declaration they form an issue.

No replication is required to a plea of performance or offset.

Defendant below and plaintiff in error here admits in his argument that plea of offset was stricken out at the hearing, as it ought to have been, therefore that plea needed no replication.

The declaration is for rent due, and the amended declaration adds a count for taxes, which plaintiff paid; that defendant below, Livingston, covenanted to pay and did not. Defendant's first plea, filed January 2, 1882, says defendant did perform all the covenants of said lease; these pleadings made a sufficient issue.

Under present practice the only issue required is statement that "plaintiff joins issue." The fact of contesting the matter before the jury amounts to a joinder of issue; again, issue may have been joined *ore tenus*, or in writing, and that pleading been lost or misplaced.

This is too slight a matter to reverse a judgment, where evidently substantial justice has been done.

It is a settled rule that every presumption is in favor of the ruling of the court below. Court below having overruled motion for new trial and entered judgment, it should stand. Burke vs. Clark, 8 Fla., 9.

The second error assigned is that court erred in striking out defendant's additional plea on motion *ore tenus*. There is nothing to show what the action was; we presume plea was demurred to *ore tenus, as it appears to have been filed on the day of trial.*

This was an improper plea and should not have been al-

lowed in any state of the pleading.   The action is for rent and taxes due on account of non-performance of lease ; this plea admits *non-performance* and still seeks to offset *rent* for use of very lots in question, which defendant forfeited for non-performance of covenant.   Plea is inconsistent with former plea of performance of covenants, and is bad on its face ; it should have been stricken for inconsistency, or overruled if demurred to *ore tenus*.   Wade vs. Doyle, 17 Fla.

As to both the first and second assignments of error we think the reasoning of the Supreme Court in Taylor vs. Baker, 1st Fla. Repts, page 255, is very applicable.

In this case objection is made that a demurrer to first plea remained undisposed of ; we answer, " *it was not relied on by the parties and was treated as a nullity.*"   Defendant below was not hurt by that action, he had the advantage of his plea, and he cannot complain here in this court for first time.

Further, it is objected that no action was taken on the pleas, either by replication or demurrer.   It is not shown that the court ever refused to pass on the pleas or the point of want of replication, if any was necessary.

All of the cases cited by counsel for appellants, including Benbow vs. Marquis & Co., 17 Fla., 441, and McKinnon vs. McCullum, 6 Fla., 376, are based on the principle that a cause must not be submitted on such a state of pleadings as embarrass the jury as to what the issue is ; here there is no such embarrassment ; plaintiff sues for damages from non-performance of covenants, defendant replies a performance that makes an issue ; plaintiff's demurrer to that plea is not relied on but abandoned, defendant's second plea is overruled or stricken on motion.   There is nothing that wrongs defendant in this action, that he can be heard to complain of here for the first time.

C. O. Livingston v. E. M. L'Engle, Trustee—Opinion of Court.

This court has emphasized its intention not to decide questions here for the first time in Greeley & Howell vs. Dixon Bros., decided at last term.

MR. JUSTICE RANEY delivered the opinion of the court.

The defendant in error, by his original declaration filed November 7, 1881, sues the plaintiff in error for that " the plaintiff let to defendant" two lots of land in the town of LaVilla " for ten years, to hold from the first day of January, A. D. 1869, at $16 per year, payable semi-annually in advance, all of which rent is still due and unpaid." On the second day of January, A. D. 1882, defendant pleaded that " he duly performed and kept the covenants upon his part to be kept and performed by virtue of the said lease until the first day of July, A. D. 1873, when the plaintiff refused to comply with the covenant of said lease and refused to receive rent for and re-entered and ousted the defendant of the possession of the premises demised to him by said lease, and has ever since detained and kept the same from the defendant." To this plea the plaintiff, on the sixth day of the following February, demurred as bad in substance for the reason that it is " uncertain and argumentative and in other respects insufficient."

The plaintiff on the second day of January, 1884, up to which time no further proceedings appear to have been taken in the case, amended his declaration by adding another count, alleging that he " let to the defendant" the two lots described " to hold for ten years from the first day of January, 1869, and the defendant by said deed covenanted with the plaintiff that he would pay all legal taxes and assessments upon said land, to wit: the demised premises, yet the said defendant failed to pay the taxes of the State of

C. O. Livingston v. E. M. L'Engle, Trustee—Opinion of Court.

Florida and county of Duval aforesaid due and assessed on lot four of said premises for the year 1871, amounting to $18.53, which, with interest to date, amounts to $34.19, and which taxes this plaintiff was compelled on June 14, 1873, to pay, and further, the defendant, notwithstanding said covenant to pay taxes, failed and omitted to pay on said demised premises, lots 3 and 4, * due for the year 1872, by reason of which omission the plaintiff was compelled to buy in said premises on July 9, 1875, for non-payment of said taxes, the amount of such sale being $37.69, which, with interest to date, amounts to $63.22."

Afterwards the defendant, "for an additional plea in said cause," pleaded that the plaintiff was at the commencement of the suit and still is indebted to the defendant in the sum of $880 for the use and occupation of the premises mentioned in the declaration, which sum of money so due from the plaintiff to the defendant as aforesaid exceeds the damages sustained by the plaintiff by reason of the non-performance by the defendant of the several supposed premises mentioned in said declaration, out of which said sum of money the defendant is ready and willing and hereby offers to set off and allow to the plaintiff the full amount of said damages."

There are no other pleadings.

A jury was sworn, and having heard the evidence returned a verdict for the plaintiff, assessing his damages at $171.40, and judgment was rendered for the plaintiff. The judgment recites that the jury were sworn to try the " issues joined."

The bill of exceptions has been struck from the record, and consequently there is no evidence before us.

There was a motion for a new trial, the first five grounds of which relate to matters *in pais* and cannot be considered without a bill of exceptions. The sixth and last ground

of the motion is that the court erred in striking out the additional plea upon motion *ore tenus* of plaintiff as not presenting a proper subject of setoff. The motion for a new trial was denied.

Assuming that any notice can be be taken of the motion for a new trial in the absence of a bill of exceptions there is still nothing in the record to show that any order striking out the second plea was ever made. A mere motion for a new trial unsupported by anything in the record, on the ground that a particular action has been taken, is not evidence that such action was taken. A bare denial of the motion is not moreover evidence of such action. For aught that appears in the record, the reason of the Circuit Judge for refusing the motion for a new trial may have been, in so far as this ground is concerned, that the plea referred to was never struck out. According to the record before us this plea stands upon the record the same as the other plea. McNealy and Roulhac vs. State, 17 Fla., 198. We cannot review any such order because none appears to have been made. This disposes of the sixth assignment of error.

It is apparent that there was no issue of fact taken by the plaintiff, upon either of the pleas. It is contended by counsel for defendant in error that this defect has been waived by plaintiffs going to trial without objecting in the lower court, and that he cannot raise the point primarily in the appellate court. The decisions of this court upon this question, are as follows:

In Miller & Croom vs. Hoc, 1 Fla., 189, the action was debt upon an attachment bond. There was a plea of *non damnificatus* and a reply thereto, but the nature of the replication is not shown by the report. There was no rejoinder to or issue taken upon the replication, and no objection appears to have been taken to the defect, in the lower court

in the motion for a new trial or otherwise. It was held that there was no issue which could be submitted to a jury and that the defect was not cured by a verdict. The bill of exceptions recited that the jury had been sworn to speak the truth upon the issues joined; this, however, it was decided, could not be taken in the face of the record as proving that issues really existed. In Hopkins & Moody vs. Burney, 2 Fla., 42, a plea had been filed and was afterwards withdrawn. Subsequently a jury was sworn to try the issue joined. " Hitherto," says the opinion, " we have considered this case as though the plea of *non cepit* was in and issue regularly joined upon it, because from the state of the record it appears that parties and the court at the trial below acted under that impression, and because the counsel for plaintiff in error insisted at the argument of the cause that it ought to be so regarded. But that plea was withdrawn upon the same day it was filed, and now constitutes no part of the pleadings in the case." It was held that the judgment must be reversed, and as in the former case, that the statute of *joefail* did not cure the error. McKinnon vs. McCullum, 6 Fla., 376, was a case where the first plea was the general issue not guilty, and the second and third pleas were in confession and avoidance concluding with a verification, but were not replied to, and the decision was that the first plea concluded to the country, and might with propriety have been submitted to the jury had the other pleas been disposed of, but thus to submit it, while the others remained undisposed of, was an error for which, of itself, the case should be sent back, as it clearly appears they were not abandoned. This case is followed in Benbow vs. Marquis, 17 Fla., 441, where the first plea was the general issue, and there were other pleas concluding with a verification, and to which no replication

had been filed, the point being raised for the first time in this court.

From these cases it is clear that we must reverse the judgment and send the case back for further proceedings. The pleas are both of new matter and would terminate with a verification if formal conclusions were used now ; and the fact is whether we assume the second plea to have been struck out or not there was no issue before the jury. The first plea required a reply, and not merely a *similiter*, and if the second plea can stand the same can be said of it. As remarked by Judge Hawkins in Miller & Croom vs. Hoc, *supra*, though an appellate court will go far to sustain the judgment of the court which tried the cause when upon a view of the whole case it comes to the conclusion that substantial justice has been done between the parties, yet there are fundamental rules governing legal proceedings which cannot be departed from without producing great confusion and evil results. The case of Huling vs. Florida Savings Bank, 19 Fla., 695, holding that the mere absence of a *similiter* is not ground for an arrest of judgment recognizes the doctrine of the above cases, except that it assumes that perhaps the replication in Miller & Croom vs. Hoc required only a *similiter*. An assumption that it required more is justifiable. Story on Pleading, 322, 323.

The case of Judge vs. Moore, decided in 1860, 9 Fla., 269, requires some notice. In it there were pleaded at first four pleas and the plaintiff joined issue on the third and fourth, and demurred to the first and second. The demurrer being sustained the defendant pleaded four pleas, to the first of which plaintiff demurred, and to the second of which plaintiff replied with new matter, which replication defendant demurred to. The record did not disclose that either of these demurrers was disposed of or that there was any replication to the third and fourth amended pleas.

There was a trial by jury, verdict and judgment against defendant, who appealed. One of the errors assigned in the appellate court is having the jury sworn and a new trial while the demurrer to the first amended plea and the demurrer to the replication remained undisposed of. There was issue joined as indicated above on the original third and fourth pleas. "We think this error," says the court by Walker, Associate Justice, " is not well assigned. It was the duty of the parties before they went to trial to see that the pleadings were made up. To hold this as error would be to allow the defendant to take advantage of his own negligence. When the parties went willingly before the jury they must be considered, unless the contrary plainly appears, as having waived all demurrers undisposed of and all pleas, replications, &c., on which issue was not joined." Taylor vs. Baker, 1 Fla., 255, is cited in support of the above by the Justice delivering the opinion. In Taylor vs. Baker there was a plea to the second and third counts, and the demurrer to the plea remained undisposed of. " The plea " alluded to, says the opinion in Taylor vs. Baker, " is in effect the general issue which had already been filed, and gave to the defendant no new advantage which he had not secured by that plea." In Pearce vs. Jordan, decided in 1861, and reported also in 9th Fla. Repts., p. 526, where there had been two trials, with verdicts varying considerably, one being for $328.80 and the other for $1,133.41, there was a plea of the general issue and a special plea setting forth the contract sued on for cutting and delivering pine saw logs with an averment of damages for the non-performance of the contract, and also a plea of setoff and of payment of a specified sum of money, concluding with a verification. There was a demurrer to the second plea and a demurrer to the replication to the third plea. The record shows, as in Judge vs. Moore, that at the time the

cause was submitted to the jury both of these demurrers remained undisposed of, and also that no issue had been joined on the various pleas, with the exception of that of the general issue. The judgment was reversed upon the ground that where the pleadings are in such a defective condition as to make it manifest that the jury who tried the cause could not have had an intelligent apprehension of the issues to be tried, the judgment should be reversed and the cause remanded for a new trial, "when the pleadings can be properly made up and the issues presented in an intelligent form." McKinnon vs. McCullum, is relied upon as sustaining the conclusion reached. Both of these cases were decided by the same court. The latter does not refer to the former; and neither pretends to overrule any of the cases we have cited above. If any doubt can be held to be cast upon McKinnon vs. McCullum, by Judge Dupont in Pearce vs. Jordan, it is clear that McKinnon vs. McCullum has been followed by subsequent cases. The case of Taylor vs. Baker is much like that of Walter vs. Florida Savings Bank, 20 Fla., so far as the purpose served by the special plea to the defendant's interests.

In the case before us there was no issue at all before the jury, so it is stronger than either McKinnon vs. McCullum or Pearce vs. Jordan or Judge vs. Moore, in this respect.

We do not think it necessary to pass on any other question.

Counsel for appellee argues that it is injustice to the court below in such a case as this to allow parties who have never pointed out the defect to that court, but gone to trial on the record, to take advantage of it here. Inadvertence of counsel in a case like this will not result in any reflection upon the trial judge who naturally took it for granted that the issues were properly made up. He would doubtless

have set aside the verdict had it been called to his attention in time. Substantial errors apparent upon the record, unlike errors as to matter *in pais*, do not require exceptions on the spot to make them available in the appellate court, but when not waived they will be noticed here without such exception. We cannot refuse to reverse this judgment without upsetting the established practice of this court, which would be injustice to all litigants, and to this and the Circuit Court.

The judgment is reversed.

The Chief Justice dissents as to the point set forth in the third head-note of this decision.