C. O. LIVINGSTON, APPELLANT, VS. THOMAS N. ANDERSON, APPELLEE.

1. To a declaration in covenant alleging performance of all covenants on the part of plaintiff, and a failure of performance on the part of defendant, the defendant pleaded that the plaintiff has not performed and carried out the contract set forth in the declaration as he agreed to do, and did not perform the work therein mentioned in a faithful and workmanlike manner: *Held*, on demurrer, that the plea was bad in not specifying the condition or conditions the performance of which is designed to be contested.

2. Where a plea, or subsequent pleading responsive to a declaration or former pleading, sets up a new matter in avoidance, a reply must be made to, or issue joined on, such pleading; without which it will be error to submit the case to a jury for trial, but the mere absence of a *similiter* to a plea, or subsequent pleading tendering an issue, which will not cause a reversal of a judgment where the parties have voluntarily gone to trial without insisting on it.

3. In an action of covenant on articles of agreement under seal involving the performance of conditions therein mentioned, instituted in January, A. D., 1885, and tried in November, A. D., 1887, after the plaintiff had closed his testimony, the defendant asked leave to amend his pleas by adding a plea of set-off involving independent matters not necessary to determine the real question in controversy in the suit: *Held*, the refusal of the court to allow such plea to be filed, in the absence of any reason or excuse for not applying earlier, was not error.

4. In a suit by a contractor on a contract to build a house, against the owner for a failure to pay the stipulated price, it is error for the court to charge the jury that, if they find from the evidence that the building does not come up to the requirements of the contract, and any deficiency in said building was on account of the acts or interference of the defendant, and such deficiency was in consequence of such interference, the plaintiff was not at fault, and is entitled to recover, where the declaration fails to allege that the failure to build the house according to the contract was caused by the acts or interference of the defendant, and the testimony totally fails to show any act or interference on the part of defendant with the building of said house under said contract.

Appeal from Circuit Court for Duval county.

STATEMENT.

On the 15th day of April, A. D. 1884, Thomas N. Anderson and C. O. Livingston signed articles of agreement under seal, by the terms of which Anderson covenanted and agreed to build for Livingston a brick building in the city of Jacksonville, according to the plans and specifications attached to the agreement, to do the work in a faithful and workmanlike manner, and to become responsible for all labor and material

necessary for the construction of said building. The work was to commence on or before the sixteenth day of April, A. D. 1884, and the building delivered up, finished and completed, on or before the first day of July, 1884, free from mechanics' or other liens. In consideration of the faithful performance of the said specified work on the part of Anderson, Livingston covenanted and agreed to pay the sum of forty-five hundred dollars, in installments, as the work progressed. This suit was instituted by Anderson against Livingston upon the above agreement, and while ostensibly it is to recover damages for its breach, it is in reality a suit to recover a balance of the agreed price for the work claimed by Anderson to be still due.

In his declaration Anderson alleges that he well and truly performed and fulfilled "all and singular the covenants and agreements in said articles on his part and behalf to be done and performed," and that Livingston has not performed and kept the same on his part, to-wit: Has not paid to Anderson the said sum of $4,500, according to the form and effect of said articles of agreement, and still refuses to pay the same, to his damage five thousand dollars.

To this declaration Livingston by attorney filed the following plea: "And now comes the defendant by his attorney, and says that the plaintiff has not performed and carried out the contract set forth in his declaration, as he agreed to do, and did not perform the work therein mentioned, in a faithful and workmanlike manner."

Plaintiff, Anderson, made the following reply to the plea : "The plaintiff by his attorney for reply to the defendant's (plea) says, as he has before complained, that he has performed and carried out the said contract in all things, except as to those matters and things wherein he was prevented from carrying out and performing by the wrong and default of the defendant." This replication was filed April 6th, 1885.

On the 4th day of January, A. D. 1886, as it appears from the record, a demurrer was interposed by plaintiff, Anderson, to the foregoing plea, on the ground that it does not state sufficiently wherein the plaintiff failed to carry out his contract, and on the same day the demurrer was sustained by the Circuit Judge, with leave to defendant to amend. The record does not show any action in reference to the replication. The defendant then filed the following pleas : "And now comes the defendant by his attorney, and for an amended plea says that the plaintiff has not performed and carried out the contract set forth in his declaration as he agreed to do, in this, to-wit :

"1st. The plaintiff did not perform the work therein mentioned in a faithful and workmanlike manner, but did the same in an unskillful, unfaithful and unworklike manner, to the great damage of the defendant ;

"2d. That the walls of said building are unskillfully and defectively erected, and the said defendant is damaged thereat to the amount not less than three thousand dollars ;

"3d. That the plaintiff did not deliver up the said building to defendant free from mechanics' liens, in

this, that one L. W. Wall, now deceased, before his death, notified defendant that the plaintiff was indebted to him in a large sum of money, to-wit: Five hundred dollars for the brick work on said building, and that he, said Wall, held the plaintiff liable for the same, and held a lien against said building for that sum of money ; and the defendant further says that so far as the plaintiff has complied with the said contract the defendant has fully paid the plaintiff for the value of the work done, and the value of the material furnished by him under said contract.''

The following replication was filed by plaintiff· to these pleas : ''The plaintiff by his attorneys for reply to defendant's amended pleas says, as to the first and second pleas, as he has before complained, that he has performed and carried out the said contract in all things, except as to those matters and things wherein he was prevented from carrying out and performing by the wrong and default of defendant. And as to third plea, the plaintiff says he did deliver up said building to defendant free from mechanics' liens. The plaintiff further replying, says that defendant has not fully paid plaintiff, as by the said contract provided.''

Upon this state of the pleadings the case was submitted to a jury who were sworn ''the truth to speak upon the issues joined,'' and who, after hearing the evidence, argument of counsel and the charge of the court, rendered a verdict in favor of the plaintiffs for $550, with interest at eight *per cent.* from date of suit.

A motion for a new trial on the grounds: 1st, the verdict of the jury is contrary to the evidence; 2d, the same was contrary to the weight of the evidence; 3rd, the verdict was contrary to law; 4th, the court erred in refusing defendant's application or motion to amend his pleas by adding thereto a plea of set-off; 5th, the court erred in refusing to admit in evidence claim of L. W. Wall, as sub-contractor of plaintiff on defendant's building as served on defendant; 6th, the court erred in giving the second charge asked for by the plaintiff, was overruled, and final judgment entered for plaintiff, from which an appeal is prosecuted to this court.

*A. W. Cockrell & Son* for Appellant.

*T. A. MacDonell* for Appellee.

MABRY, J.:

The first error assigned by appellant is the decision of the court sustaining the demurrer to his plea. The record shows that a replication was first filed to this plea, and subsequently, without regard to the replication, the demurrer was filed. No objection, it appears, was made to this course in the trial court, and no exception is based upon it here. We will consider the demurrer, as it is treated by the parties, as properly filed to the plea.

The suit is instituted upon articles of agreement, under seal, containing mutual covenants on the part

of appellant and appellee. The declaration alleges performance of all covenants on the part of plaintiff (appellee here), and a failure of performance on the part of appellant in paying the stipulated price for the work to be done. The plea alleges generally "that the plaintiff has not performed and carried out the contract set forth in his declaration, as he agreed to do, and did not perform the work therein mentioned in a faithful and workmanlike manner." The nineteenth section of Chapter 1096, Laws of Florida, being an act to amend the pleading and practice in the courts of this State, provides "that it shall be lawful for the plaintiff or defendant in any action to aver performance of conditions precedent generally, and the opposite party shall not deny such averment generally, but shall specify in his pleading the condition, or condition precedent, the performance of which he intends to contest." Under the terms of the articles of agreement sued on in this case, the performance of the work by appellee was a condition precedent to the payment of the stipulated price by the appellant. This precedent condition required the appellee to perform the work of erecting the building in question according to certain plans and specifications, in a faithful and workmanlike manner. The contract, plans and specifications imposed upon appellee the duty of furnishing all the labor and material, and performing all the work of every kind to complete the building. He alleged generally performance of all his conditions.

We think the plea is bad. The allegation that plaintiff has not performed and carried out his contract as he agreed to do, is unquestionably too general, and is prohibited by the statute. The further averment that he did not perform the work therein mentioned in a faithful and workmanlike manner, does not relieve the plea of the same objection. It is simply a general denial of the averment that plaintiff had performed all the work in a faithful and workmanlike manner, and under the statute it was necessary for the plea to specify the particulars wherein the work was not performed in a faithful and workmanlike manner.

The second error assigned is, that the court submitted the cause to the jury "when no issue was joined on plaintiff's replication to defendant's first and second pleas, which replication required a demurrer, or a rebutter, to produce an issue." The first amended plea alleges that plaintiff did not perform the work in a faithful and workmanlike manner, but did the same in an unskillful, unfaithful and unworkmanlike manner, to the great damage of defendant. And the second alleges that the walls of said building are so unskillfully and defectively erected as to damage defendant to an amount of not less than three thousand dollars. The reply to these pleas is, that plaintiff, as he has before complained, "has performed and carried out the said contract in all things, except as to those matters and things wherein he was prevented from carrying out and performing by the wrong and default of de-

fendant." We are not required to pass upon the sufficiency of either the pleas or the replication. No objection of any kind was made in the Circuit Court to their sufficiency. The question is, did the court err in submitting the case to the jury because no issue was joined on the replication to the pleas? It may be regarded as settled by our decisions that where a plea or subsequent pleading, responsive to a declaration, or former pleading, sets up new matter in avoidance, a reply must be made to, or issue joined on, such pleading, without which it will be error to submit the case to the jury for trial. Miller and Croom vs. Hoc, 1 Fla., 189 ; Bendow vs. Marquis & Co., 17 Fla., 441 ; Livingston vs. L'Engle, Trustee, 22 Fla., 427. And such an error may be taken advantage of in the appellate court. On the other hand, the absence of a *similiter* to a plea, or subsequent pleading, the office of which is simply to accept an issue tendered, and is really no part of the pleading, will not cause a reversal of a judgment where the parties have voluntarily gone to trial without insisting on it. Huling vs. Florida Savings Bank, 19 Fla., 695. The *similiter* was used only when the pleading concluded to the contrary, and its office was to join in the issue tendered by the opposite party. If no replication at all had been filed to the pleas we do not see that we could reverse the judgment for want of a formal joinder in issue. The plaintiff alleges in his declaration full performance of conditions in the contract on his part, and defendant replies that plaintiff has not performed and carried out his contract, in this, that he did not

perform the work in a faithful and workmanlike manner, and the walls of the building are so defectively erected as to cause defendant damage. The formal conclusions of pleas are not required with us, but if they were, there is nothing in the pleas to prevent the defendant from concluding to the contrary. These pleas tender an issue to the allegation of performance of conditions on the part of the plaintiff. If a demurrer had been interposed by plaintiff to the first plea, no doubt it would have been sustained, because the plea does not specify the particulars wherein the plaintiff did not perform the work in a workmanlike manner. We think the replication filed by the plaintiff below can have no other effect than to join issue on the pleas. It alleges that plaintiff, as he has before complained, has performed and carried out his contract in all things. It is true that there is a qualification added to the replication in the nature of an exception as to those matters and things wherein plaintiff was prevented from performing, by the wrong and default of defendant. This exception, however, does not amount to any reply to the pleas of defendant, nor can it be regarded as a good replication setting up new matter in confession and avoidance. If the purpose of the plaintiff was to set up by this replication an excuse for non-performance of the contract on his part on account of the acts and interference of the defendant, it is evident that there would be a departure in pleading on his part. In his declaration he alleges full performance of covenants, and a failure of performance of the part of defendant. The plaintiff

would not have a right to recover upon a new cause of action alleged the first time in his replication to defendant's pleas. Hooker vs. Johnson, 10 Fla., 198. The clause in the latter part of the replication, "except as to those matters and things wherein he was prevented from carrying out and performing by the wrong and default of defendant," does not allege in what respect plaintiff was prevented from performing his contract by the wrong or default of defendant. We do not regard this replication as such a pleading setting up new matter as to require a rejoinder to form an issue.

The third assignment of error is, that the trial court refused defendant's motion to amend his pleas, by adding thereto the plea of set-off annexed to said motion with bill of particulars. This suit was instituted on the 23d day of January, A. D. 1885, and as it appears from the record, was tried on the third day of November, A. D. 1887. After the plaintiff had introduced his evidence and rested his case, the defendant asked the court to permit him to file a plea of set-off, which he then tendered with a bill of particulars. No reason or excuse was offered for not applying earlier to the court for leave to file such a plea. In Robinson vs. Hartridge, 13 Fla., 501, it was held that where defendant's counsel, misapprehending the effect of the plea of the general issue in trover, attempted to introduce, after plaintiff had closed his testimony, evidence in denial of plaintiff's title, and upon an ob-

jection sustained to this evidence, defendant asked
leave to file a special plea putting the title in issue,
that under the statutes of this State the application to
cure the defect was duly made, and if the question of
title was involved in the determination of the true
question in controversy between the parties anterior to
the trial, it was such an amendment as was authorized
by statute, and it was the duty of the court to allow it.
In the case at bar the question between the parties
presented by the pleadings was the performance or non-
performance of covenants in articles of agreement, and
the plea asked to be filed on the trial did not in any
way involve the true merits of this controversy. It
was a plea of set-off involving independent matters,
and in the absence of any excuse or reason for not
presenting it earlier, we think the court did not err in
refusing the application after the trial had been gone
into and plaintiff had rested his case.

The overruling of the motion for a new trial is as-
signed as error. The last ground of this motion is,
that the court erred in giving to the jury the second
charge asked for by the plaintiff. This charge is as
follows : "If you find from the evidence that the build-
ing does not come up to what the contract calls for,
and any deficiency in the building was on account of
the acts and interference of the defendant, and that
the injury complained of was in consequence of such
interference of defendant, the plaintiff was not at

fault, and should not for that reason be defeated in his action, and is entitled to recover." Our opinion is that the foregoing charge is not authorized by the testimony in the record, and did not present to the jury a correct view of the case, and was calculated to prejudice the defendant. Appellee, Anderson, covenanted and agreed with appellant to construct for him a brick building in a faithful and workmanlike manner, according to certain plans and specifications. There is not a particle of testimony to show that defendant, Livingston, interfered in any way with the construction of the house under the contract as signed by the parties, or did any act to prevent appellee from building the house according to the written contract. Appellee concedes that the walls of the house are crooked but he says this is caused by the absence of a central girder in the building. The contract and plans do not call for a girder to be placed in the house. The architect who drew the plans and specifications, and who was introduced as a witness by appellee, says that the plans as originally drawn provided for the girder but appellant objected to it, and it was stricken out before the contract was signed. Appellee says that before the contract was signed, and during the progress of the work, he informed appellant that he could not assure him straight walls without the girder, and that appellant said go ahead, he would assume all damage on account of the absent girder. He further says that

the walls were properly built, and the crooked and defective condition of the walls was on account of the absent girder. The architect who drew the plans says that he provided for the girder in the plans because he thought it was necessary.

Appellant introduced testimony tending to show that the walls were unskillfully and defectively erected with improper foundations, and that by reason thereof he was damaged in an amount much larger than the sum claimed by appellee to be due. He denies saying that he would assume all damages because no girder was placed in the building, and introduced several witnesses, among them four contractors and builders, who testified that the walls of the house in question were defectively constructed, and that the absence of a girder was not the cause of the defect.

The only possible way, under the testimony in this case, it can be contended that appellant interfered with the construction of the building is in refusing to allow a girder to be provided for in the plans and specifications. It is clear that when the contract was signed, the plans and specifications did not provide for a girder. This contract must determine the rights of the parties in this case, and under it the question for the jury to settle was whether or not appellee constructed the building in a faithful and workmanlike manner, according to the plans and specifications. Dermott vs. Jones, 2 Wall., 1 ; Railroad Company vs. Smith, 21 Wall., 255 ; School Trustees of Trenton vs.

Bennett, 27 N. J. (Law), 513. The court instructed the jury in effect that if they found from the evidence that the building did not come up to the requirements of the contract, and the deficiency was caused by acts or interference of defendant, the plaintiff was not in fault, and could not recover. If the appellee did not construct the house according to his contract, the damage resulting therefrom can be deducted by way of recoupment from the price agreed to be paid, and the uncontradicted evidence on the part of appellant is that the house was unsafe on account of the defective walls, and that he sustained a larger loss on this account than appellee claimed as due him. There is no act or interference shown here on the part of appellant in connection with the construction of the building that can be any excuse for a failure on the part of appellee to comply with his contract, and we think the court erred in submitting the case to the jury on this theory. Nor are we able to say that the charge of the court did not mislead the jury in arriving at their verdict. There is no basis in the statement of appellee's case for a recovery on the ground that appellant prevented him from complying with the requirements of the contract in building the house, and as we have before said, there is no testimony to authorize such a conclusion. When the case is remitted to the Circuit Court, if the plaintiff desires to present his case on this theory, he should ask leave to amend his declaration so that this issue may be properly submitted.

It may not be out of place to say that the refusal of the defendant to allow a girder to be put in the plans

of the building can not be regarded as an interference with the building of the house in accordance with the plans and specifications. If the absent girder is the cause of the defect in the walls, appellant must sustain the loss; but if the defect is the result of unfaithful and unworkmanlike construction on the part of appellee, he is chargeable with the damages on this account.

The pleadings in this case are in a confused condition, and the case can be presented in a much clearer light by a recast of the issues.

We do not deem it necessary to consider the other assignments of error.

For the error in giving the second instruction the judgment is reversed, and the cause remanded for a new trial. Judgment entered accordingly.