F. E. MULLER, DOING BUSINESS AS GULF CYPRESS LUMBER COMPANY, PLAINTIFF IN ERROR, v. OCALA FOUNDRY AND MACHINE WORKS, DEFENDANT IN ERROR.

1. A demurrer goes to the whole of a plea and it is error to sustain a demurrer to a portion of a plea; but where a demurrer to a portion of a plea is erroneously sustained and the portion so overruled is afterwards made a part of and the basis of an amended plea, no harm results from such error.

2. Where a portion of a plea is stricken on motion and the portion so stricken does not appear in the transcript, the ruling of the court in striking it can not be reviewed by the appellate court.

3. Where in an action for recovery of the value of repairs to personal property, the defendant files a plea which contains proper subjects of set-off, a demurrer to such plea should be overruled, even though other items of damage contained in the plea might not be proper subjects of set-off.

4. In an action to recover for repairs to a locomotive engine the defendant may with proper averments and proofs set-off the usable value, that is the fair market rental value of the engine for the period covered by the delay in completing the repair of the engine according to the contract set up in the plea, and a demurrer to such plea should be overrued.

5. Where a plea is filed out of time and it is rejected by the trial court, it should be brought to the appellate court in a bill of exceptions if a review of the ruling rejecting it is desired.

6. In an action to recover for repairs to a locomotive engine used in hauling logs to a saw mill, where the averments of a plea are that the plaintiff's cause of action is for such repairs under an agreement to do the same in first class condition within a given time; that when such agreement was made the plaintiff well knew that defendant was compelled to use said engine in his mill business and needed and would require the same to be repaired within the agreed time; that the plaintiff failed and refused to repair said engine according to said agreement; that by reason thereof the defendant has been greatly injured and damaged in that while waiting for plaintiff to carry out his contract he was unable to procure other means of hauling his logs, lumber and shingles, and was compelled to and did incur large expense in keeping his mill hands and machinery idle, and in being unable to manufacture lumber and shingles for his patrons and customers, and to sell the same or to fill orders for the same, and defendant claims stated amounts for such damages as a set-off, the defendant upon proof of the agreement and other facts stated in the plea is entitled to show by proper evidence loss of profits that would have been derived from the sale of products of his mill from **bona fide** orders he was unable to fill on account of the failure of the plaintiff to comply with his agreement to repair the engine, and a ruling that "the defendant can not under this plea introduce any evidence of damages or loss of gains or profits, or any other, except what he actually paid to the hands and employes while the said mill was idle," is erroneous.

Muller v. Ocaia Found. &. Mach. Works—Statement of Case.

7.  Under the decisions of this court it is error to allow a cause
    to go to trial in the absence of any reply to, or joinder of
    issue on, a plea which requires something more than   a
    mere similiter to put it in issue.

.8.  Where a plea of set-off is filed without the bill of particu-
    lars required by the statute, the plaintiff may move for an
    order requiring it, or may move to strike the plea; but if
    the plaintiff goes to trial upon a plea of set-off with no
    bill of particulars accompanying it, the defect is thereby
    waived.   As such bill of particulars is intended for the
    benefit of the plaintiff he may waive it.

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

### STATEMENT.

The defendant in error sued the plaintiff in error in
the Circuit Court for Marion county in assumpsit, the
counts being: for money payable, to-wit: $813.38, by the
defendant to the plaintiff: for goods bargained and sold
by the plaintiff to the defendant: for work done and mate-
rials furnished by the plaintiff for the defendant at his re-
quest: and for money found to be due from the defendant
to the plaintiff on accounts stated between them, and the
plaintiff claims $1,600.00.

The bill of particulars filed with the declaration con-
tains a statement of material and labor used by the plain-
tiff in repairing for the defendant a locomotive engine
amounting to $1,036.38.

Two pleas (1) never was indebted as alleged and (2)
a plea of set-off were filed.   A demurrer to a portion of
the second plea was sustained, and still another portion
of the plea was stricken on motion of the plaintiff.   The

192    SUPREME COURT OF FLORIDA.

Muller v. Ocala Found. & Mach. Works—Statement of Case.

second plea was amended by adopting the portion of the plea which was held bad on demurrer, and by adding thereto so that the second plea as amended is as follows: "Second. That the plaintiff was at the time of the institution of this suit, and still is, indebted to the defendant in the sum of six thousand dollars, for that whereas on or about the 15th day of January, 1901, the said plaintiff entered into a contract with the defendant whereby the plaintiff undertook and agreed to do and perform certain work for defendant in repairing and refitting a certain locomotive engine, for which the defendant agreed to pay the plaintiff what the same was reasonably worth, and defendant avers that the cause of action sued upon by plaintiff herein is for the alleged amount and value of the said work so to be done upon said engine by the plaintiff.

Defendant further avers that for the consideration aforesaid the plaintiff agreed to perform said work completely and to finish the said repairing and refitting of said locomotive engine not later than the 12th day of February, 1901.

Defendant further avers that although the plaintiff well knew at the time of the making of said contract for the performance of said work, that the defendant was engaged in the business of manufacture of lumber and shingles, and required in said business the use of the said locomotive engine upon the date last above mentioned, to-wit: the 12th day of February, 1901, and that if said work should not be completed on said date, the defendant by being deprived of the use of the said locomotive engine would be greatly damaged, yet, that the plaintiff without excuse failed to perform said work and delayed the same for a long period of time, to-wit: for a period of nearly two months, whereby the defendant was and is greatly

VOL. 49, JANUARY TERM, 1905. · 193

Muller v. Ocala Found. & Mach. Works—Statement of Case.

damaged in the sum of five thousand dollars, in that the defendant lost the use and benefit of said engine, and was compelled to and did pay out large sums of money for labor in hauling his lumber and shingles, in getting out logs and timber for his said mill, and was compelled to and did pay out other large sums of money in procuring and providing other means of hauling lumber, shingles, logs and timber in his said business, and that the defendant by reason of being deprived of the use of said engine was unable to supply his mill with logs and timber, and thereby sustained loss in said business to a large amount of money, and also lost and was deprived of divers large gains and profits of his said business. Which amounts he is willing and hereby offers to set-off against the demands of the plaintiff, and for which he claims judgment against the plaintiff."

A bill of particulars was filed with the original second plea consisting of these items, viz:

Ocala Foundry & Machine Works

to Gulf Cypress Lumber Company    Dr.

To amount of extra expense for labor for the months of April and May, 1901, due to failure to complete locomotive within agreed time..$ 1000.00

To amount of net loss to business of Gulf Cypress Lumber Company by reason of the failure to finish and return locomotive for hauling logs within agreed time................$ 5000.00

To amount paid out to place the locomotive engine in working order after same was returned by Ocala Foundry & Machine Works.$ 200.00"

On a subsequent day a third special plea was filed without leave of court, but no notice was taken of it till it was stricken at the trial.

13 S C

The plaintiff demurred to certain portions of the amended second plea on the ground that particular items of damage claimed therein could not properly be recovered. The demurrer was sustained as to parts of the plead, and overruled as to other parts.

Issue was joined on the first plea and on the second plea as amended and left standing by the court by its order on the demurrer to the amended second plea. The cause was referred to a referee for trial. At the trial the defendant by leave of the referee filed a plea as follows: "3rd. The defendant for further plea says that the plaintiff's cause of action herein is an account for work, labor and material alleged to have been done, performed and furnished in repairing a certain locomotive engine of the defendant; that the plaintiff agreed with and promised the defendant that said work of repairing said engine should be completed and said engine put in first class condition within four weeks from on or about January 15th, 1901; that the plaintiff at the time of making said agreement, well knew that defendant was compelled to use said engine in his mill business and needed and would require the same to be completed and repaired within said time; that the plaintiff contrary to said agreement and promise failed and refused to do and perform said work and furnish necessary material in repairing said engine within said time, but did not complete said repairing until on or about April 2nd, 1901, and that said plaintiff did not put said engine in first class condition according to its said contract and agreement; but, on the contrary, said work was done unskillfully and in an unworkmanlike manner, and the said engine when returned by plaintiff to defendant was not fit for use and could not be used until the defendant had at his own expense repaired the same.

Defendant further says that by reason of the plaintiff's failure to perform and carry out his said contract within the period so agreed upon, and by reason of the unskillful and unworkmanlike manner in which said work was done by plaintiff, the defendant has been greatly injured and damaged in this, to-wit: That the defendant had and could procure no other means of hauling his logs, lumber and shingles and was compelled to and did incur large expense, to-wit: In the sum of two thousand five hundred dollars ($2500.00) in keeping his mill hands, and machinery idle while waiting for said engine to be repaired. That the defendant was also compelled to and did, while waiting for the plaintiff to carry out its contract in repairing said engine, sustain great loss in his said business by reason of his being unable to manufacture lumber and shingles for his patrons and customers, and to sell the same or to fill orders for the same, to-wit: In the sum of two thousand five hundred dollars (2500.00.)"

No bill of particulars was filed with this plea, but no objection was made to the plea on that account.

No replication or other reply was made to this third plea. The parties went to trial on the declaration, the first plea and the joinder of issue thereon, the second plea as amended and partly overruled on demurrer, and the joinder of issue thereon, and the third plea as above set out with no reply thereto or joinder of issue thereon.

The referee found for the plaintiff and entered judgment in its favor for $688.10 as damages, and $122.63 costs. From this judgment a writ of error was taken to this court. The other facts necessary to be given in disposing of the case will appear in the opinion.

*R. L. Anderson,* for Plaintiff in Error.

*Allred & Davis*, for Defendant in Error.

WHITFIELD, C. J., (*after stating the facts.*)

It is contended that the court erred in sustaining a demurrer to a portion of the second plea as originally filed, and also in striking a portion of the same plea on motion. As the portion of the plea which was overruled on demurrer was made a part of the amended second plea, no harm was done in sustaining the demurrer to the same. 6 Ency. Pl. & Pr., 359; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870; Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594. The transcript does not contain the portion of the second plea which was stricken on motion, consequently it can not be considered here.

The court sustained the demurrer to a portion of the second plea as amended. This was error. 6 Ency. Pl. & Pr., 301, and authorities cited in notes 1 and 2. The plea contained proper subjects of set-off under the facts alleged, and the demurrer should have been overruled. The averments were sufficient to enable the defendant to set off the usable value, that is the fair market rental value of the engine, for the period covered by the delay in completing the repair of the engine according to the contract. Ocala F. & M. Works v. Lester, decided at this term; 2 Joyce on Damages, section 1388; 3 Sutherland on Damages, 3rd ed., sections 703, 704; 13 Cyc. 157. The demurrer, therefore, to the second plea as amended should have been overruled, even though all the other items of damage contained in the plea might not have been proper subjects of set-off. Cline v. Tampa Water Works Company, 46 Fla. 459, 35 South. Rep. 8; Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 South. Rep. 171.

The referee refused to allow a third plea to stand which was filed without leave of. the court subsequent to the ruling on the demurrer to the original second plea, but he permitted another third plea to be filed. As the rejected plea was not properly filed it is not a part of the record proper, and it should have been brought here in the bill of exceptions if a review of the ruling of the referee in rejecting it is desired.

In permitting a third plea as set. out in the statement to be filed at the trial, the referee made the following ruling: "The referee holds that the defendant can not under this plea introduce any evidence of damages or loss of gains or profits, or any other, except what he actually paid to the hands and employes while the said mill was idle." This ruling was excepted to and is assigned as error.

Under the averments of the third plea allowed to be filed at the trial the defendant, on proving the agreement and other facts as stated in the plea, was entitled to show by proper evidence loss of profits that would have been derived from the sale of. products of his mill from *bona fide* orders he was unable to fill on account of the failure of the plaintiff to comply with his agreement to repair the engine. The referee was, therefore, in error in ruling that testimony of this nature should be excluded. 13 Cyc. 36; Silver Springs O. & G. R. Co. v. Van Ness, 45 Fla. 559, 34 South. Rep. 884; Brock v. Gale, 14 Fla. 523; Hodges v. Fries, 34 Fla. 63, 15 South. Rep. 682; Robinson v. Hyer, 35 Fla. 544, 17 South. Rep. 745.

Under the decisions of this court it was error to allow this cause to go to trial in the absence of any reply to or a joinder of issue on, the third plea permitted to be filed by the referee. It is a plea which requires something more

than a mere *similiter* to put it in issue. Asia v. Hiser, 22 Fla. 378; Livingston v. L'Engle, 22 Fla. 427; Livingston v. Anderson, 30 Fla. 117, 11 South. Rep. 270. The defendant in error contends that it was not required to file a replication, or to otherwise notice this plea, as it is a plea of set-off unaccompanied by a bill of particulars. The statute provides that "the defendant at the time of the filing of the plea, shall file therewith a true copy of the subject matter of the set-off." Section 1069 Rev. Stats. of 1892. This provision of the statute is intended for the benefit of the plaintiff and he may waive it. If no bill of particulars is filed with a plea of set-off the plaintiff may move for an order requiring it, or move to strike the plea because it is filed without a bill of particulars; but if the plaintiff proceeds to trial upon a plea of set-off with no bill of particulars accompanying it, as was done in this case, the defect is thereby waived. See McKay v. Lane, 5 Fla. 268; Barbee v. Jacksonville and Alligator Plank Road Company, 6 Fla. 262, text 278.

It is considered unnecessary to discuss other assignments of error presented in the record as they may not arise in another trial of the case.

The judgment is reversed at the cost of the defendant in error, and the cause is remanded for proper proceedings.

CARTER. and SHACKLEFORD, JJ., concur.

TAYLOR, P. J., and HOCKER and COCKRELL, JJ., Concur in the opinion.