968 So.2d 80 (2007)
Samuel W. HEBENSTREIT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2949.
District Court of Appeal of Florida, Fifth District.
November 9, 2007.
Robert Wesley, Public Defender, and Lisa L. Jama, Assistant Public Defender, Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
*81 LARUE, T., Associate Judge.
Defendant Hebenstreit appeals a Circuit Court ruling below which denied a petition for writ of prohibition that Defendant had filed in the Circuit Court by which he sought to prevent the County Court from holding an evidentiary hearing. The basis of the denial was that the petition was moot inasmuch as the hearing had been held before a ruling was issued. On that narrow issue, we affirm.
Defendant was charged with DUI and a jury trial was held April 17, 2006. Initially, the jury returned a verdict of "not guilty". The clerk published the verdict, and the trial judge entered a judgment of acquittal. As the judge was entering the acquittal, the bailiff told the judge that the jury foreperson had something to say. The judge nonetheless pronounced the acquittal and discharged Defendant. The judge then read the closing instructions to the jury, whereupon the assistant state attorney asked that the jury be polled. The judge denied the request and dismissed the jury.
After the jury was formally discharged, the judge met with them to discuss the trial, as was his usual practice. During that conference, he was informed that the foreperson of the jury had marked the wrong box, and that the intended verdict of the jury was "guilty". The judge informed both attorneys of the problem, and they met with the jury as well. The jury was then released, and they returned to the community.
Two days later, the judge sent an e-mail to both attorneys indicating that he intended to recall the jury for an "evidentiary hearing," and thereafter issued a notice of hearing for that purpose. Several weeks later, the Defendant filed a petition for writ of prohibition in the Circuit Court to prevent the judge from conducting an evidentiary hearing of the former jury, and asserting that the judge was without jurisdiction after the Defendant had been acquitted and released.
In spite of the pending petition, the trial judge conducted the evidentiary hearing on May 11. All the jurors returned and signed a verdict form correcting the verdict from "not guilty" to "guilty". The judge then set a date for sentence. The Defendant did not appear for either the evidentiary hearing or sentence, and a capias was issued.
More than a month later, on June 21, 2006, a panel of the Circuit Court rendered an order dismissing the Defendant's petition for writ of prohibition, essentially finding that since the evidentiary hearing had already occurred, the petition was moot. The Defendant appeals.
The Defendant argues that the Circuit Court panel should have applied the petition for writ of prohibition to both the evidentiary hearing and the sentence. He asserts that although the evidentiary hearing had already taken place by the time the Circuit Court ruled on the petition, the sentencing had not yet occurred, and the Circuit Court should have issued the writ to prevent the trial court from passing sentence based on lack of jurisdiction.
There is no question that prior to discharging the jury, the trial court may correct a verdict where the jury has made some type of clerical error. Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla.1971). However, the general rule is that once a jury has returned its verdict and has been discharged and separated, it cannot be recalled to alter or amend the verdict. See Miller v. Hoc, 1 Fla. 189 (Fla.1847); U.S Fid. & Guar. Co. v. Gulf Fla. Dev. Corp., 365 So.2d 748-49 (Fla. 1st DCA 1978). The reason for this general rule is that upon discharge into the community, the members lose their separate identity as a jury and are subjected to extra-trial influences which could affect a verdict upon reassembly.
*82 Once a jury has been discharged and dispersed into the community, it cannot be reassembled to hear matters relating to the same criminal case. See Lee v. State, 294 So.2d 305 (Fla.1974); see also State v. Young, 936 So.2d 725 (Fla. 1st DCA 2006) (had trial court entered an actual acquittal of Young the verdict of acquittal would have been final and could not be reviewed without putting Young twice in jeopardy); Hudson v. State, 711 So.2d 244 (Fla. 1st DCA 1998) (when a jury acquits there is no exception permitting retrial once the Defendant has been acquitted no matter how egregiously erroneous).
In the trial court below, the verdict was published, entered into the record, the Defendant was acquitted and released, and the jury was discharged and dispersed into the community. Reassembly of the jury weeks later to proceed further may well have been improper.
In the appeal at hand, however, the issue before this court is a very narrow one. We do not apply the writ beyond the evidentiary hearing to which it was addressed. Because the petition for writ of prohibition sought to prevent the trial court from conducting an evidentiary hearing of the discharged jury, and because the hearing had taken place by the time the ruling on the petition was rendered by the Circuit Court, the petition was moot. Accordingly, the ruling dismissing the petition for writ of prohibition is affirmed without prejudice to the seeking of appropriate relief by the Defendant.
AFFIRMED.
PALMER, C.J., and SAWAYA, J., concur.